Last case this morning is Powers v. Illinois Civil Service Commission. That's case number 4110087 for the appellant, Brett Legner, for the appellee, James Baker, Mr. Legner. Good morning, your honors. Counsel, may it please the court. My name is Brett Legner. I'm an assistant Illinois attorney general, and I represent the defendants appellants in this matter. Your honor, this court should reverse the circuit court's judgment, remanding this proceeding back to the Civil Service Commission for a de novo hearing, and it should remand the administrative review action back to the circuit court for a decision on the merits. I have three principal points to address this morning, your honors. Res judicata, whether or not there was a due process violation, and the scope of the circuit court's relief. Turning to my first point. Plaintiff's due process claim, which formed the basis of the circuit court's decision to remand the matter back to the Civil Service Commission, was barred by res judicata because plaintiff had the opportunity and actually did litigate that claim in his federal court action. Plaintiff made the strategic decision to file in both federal and state courts. The federal court claim asserted, among other things, in addition to a First Amendment claim, asserted that his due process rights were violated by both the pre-termination hearing as well as the post-termination proceeding. The obvious consequence of plaintiff's decision to pursue actions in both the federal and state courts simultaneously was that whichever one would end first would have a preclusive effect on the other. In Illinois, res judicata bars all claims actually adjudicated in a prior action as well as those that could have been. Here, first, plaintiff did actually raise the due process claims in the federal action. Were the same causes of action involved in the federal court and state? The same principal facts were involved in the federal and state courts. The federal claim initially had an administrative review count that was dismissed on jurisdictional grounds. That went into the state court action. At the same time, the due process claim, and specifically the claim that having the commission act as the decision maker where it had engaged in the pre-termination decision to discharge, was a violation of due process. That's the same theory, the exact same theory, on which the circuit court reversed the administrative decision. So while the federal court action did not adjudicate the merits, whether it was against the manifest or the evidence, that powers signed these personnel transfer forms. My question is, is your argument collateral estoppel or is it res judicata? Are we talking about issue preclusion or claim preclusion? Well, I think in most cases in Illinois they kind of merge. I think a lot of the court decisions combine the two. So the answer to my question is you're not going to tell me whether this is res judicata or collateral estoppel? We argue it's res judicata. Okay, and for res judicata, the same causes of action have to be involved in both courts. Are the same causes of action involved in these two cases? Yes. What is the cause of action? Violation of due process. That's a cause of action? That's not an element? It was the cause of action in the federal case. It was the section 1983 claim for violation of due process. The cause of action, I guess, in the state court is administrative review, that the decision was against administrative review. In which case, if you want to parse it like that, then it would be a collateral estoppel issue because while the state court case looked only at administrative review, it dealt with due process. The due process issue was, in fact, litigated in the prior resolved federal court action. Okay, so if the issue is actually litigated, it can be collateral estoppel could apply. Yes. Collateral estoppel only applies to issues actually litigated, whereas res judicata applies to anything that could have been litigated. Correct. So again, is it your argument this is collateral estoppel or is it your argument this is res judicata? Our argument has been that this is res judicata, though I think that, again, that the Illinois cases are not clear in the distinction. Well, I thought the cases were absolutely clear. Novak, res judicata has these elements. You need the same cause of action. Collateral estoppel, you can have separate causes of action, but the issue has to actually be decided. But go ahead. Well, I think either theory, I think probably both apply here. I think the point is that plaintiff litigated his due process claims in federal court and then sought to overturn in state court the administrative decision based on his due process claim, the very same due process claim that was litigated in federal court, and that there is either under res judicata or collateral estoppel, there is a preclusive effect. There is a preclusive effect to doing that. There is a preclusive effect of the federal court, the final adjudication by the federal court of the due process claim. The post-termination due process claim was actually adjudicated in the federal court action. The court dismissed the action on grounds of judicial immunity. The district court did. A dismissal on grounds of judicial immunity is not a dismissal for lack of subject matter jurisdiction. Under Illinois Supreme Court Rule 273, which governs which actions are considered, or what types of resolutions are determined to be final adjudications for purposes of estoppel res judicata, it carves out, for instance, subject matter jurisdiction, where the first court did not have subject matter jurisdiction to consider a claim. The federal district court, in dismissing the post-termination due process claim, did so on judicial immunity. Judicial immunity is a defense that can be waived. It's a normal defense like others. It's not jurisdiction. The district court, if the defendants had not raised it, could have resolved that claim. It was not lacking in subject matter jurisdiction. The fact that the defendants had a defense to the claim doesn't mean the court was without subject matter jurisdiction for Supreme Court Rule 273 purposes. It just means that the claim lacked merit. Additionally, the plaintiff did not properly preserve or appeal that determination as part of his Seventh Circuit appeal. After the district court proceedings in the federal litigation terminated, the plaintiff went to the Seventh Circuit. The Seventh Circuit affirmed the district court's determination. Now, the plaintiff, while arguing in his brief in the Seventh Circuit, that the post-termination proceedings did violate his due process, the Seventh Circuit ruled that the plaintiff had not preserved the separate post-termination due process claims by that point. It did not properly appeal them. Nonetheless, the Seventh Circuit discussed the post-termination due process that the plaintiff did receive because in analyzing a pre-termination due process claim, one of the considerations that the court can consider is the availability of post-termination or post-hearing relief. So, as such, whether a plaintiff was going to be operated a hearing or a full hearing after the discharge was a relevant factor in determining whether the process he received before the discharge was constitutionally adequate. The Seventh Circuit noted, just as the district court held, that the plaintiff was, in fact, given the full range of due process protection at the post-termination hearing before the administrative law judge. The plaintiff was allowed to conduct discovery. In fact, he received voluminous discovery. The plaintiff was allowed to call witnesses. The plaintiff was allowed to cross-examine witnesses. Moreover, at the hearing, the plaintiff never objected to the administrative law judge, A.L.J. Trapp, on grounds of bias. And there was nothing in the record to suggest that A.L.J. Trapp was biased. So, in addressing the pre-termination due process claims that were not barred on judicial immunity grounds, both the district court and the Seventh Circuit also noted that the plaintiff had availability of a full post-termination hearing, and he availed himself of that hearing. Thus, even if the plaintiff would not have actually raised his post-termination due process claim in the federal action, he could have raised it. In this case, though, he did raise it. It was finally adjudicated by the federal courts, and that has a preclusive effect in this case. The plaintiff argues that he was not allowed to bring his post-termination claim. And this is simply incorrect. Again, the court found that his post-termination claim was defeated by judicial immunity, but he was allowed to bring it. He was allowed to adjudicate it. It was just found by the court to be legally meritless, legally lacking in merit. And again, that's not a jurisdictional defense. The only other defense, other than subject matter jurisdiction, that plaintiff seems to argue on appeal is concepts of fundamental fairness. But again, the concepts of fundamental fairness here work against plaintiff. It would be inequitable to the Civil Service Commission to allow plaintiff to bring his federal due process claims challenging his termination, in which he sought reinstatement to the commission. That was one of the types of relief that plaintiff specifically sought, and one of the types of relief that the district courts specifically said that it could grant as part of the due process claims under Section 1993, is giving plaintiff his job back. It would be inequitable to allow the plaintiff to pursue those claims, seeking their aid, all the way through the federal court litigation, receive a negative decision on that, and then come back into state court on the same constitutional theory that he just lost on, and try it all again. That is contrary to the preclusion principles set forth in Arvea v. Madigan and any of the other decisions. Turning to my second point, even if there were no preclusive or estoppel effect here, there was no due process violation. There was simply no due process violation. First, there is nothing inherently wrong with the same administrative agency making a decision to discharge someone, or suspend their license, or whatever, making an initial determination, and then holding a full hearing, and then making a decision on the evidence presented at the hearing. Before you go on to that, now tell me again, the judicial immunity argument? Yes. Was that the ALJ? Was it judicially immune? No, Your Honor, it was the individual commission defendants. Okay, the commission. And they considered the matter after the ALJ did? They adopted the ALJ's decision, yes. Okay, but the federal court did not consider that? Did not address that? The federal court did address the fact that the commission members considered the ALJ's decision. And basically said there can be no due process violation because there is judicial immunity? That was the first decision, yes. Then the court later went on to say that the due process was satisfied by the hearing before the ALJ, and that plaintiff's arguments regarding the individual commission defendants reviewing the ALJ's decision was tantamount to review of the hearing, and there is no constitutional due process right to a body reviewing your full hearing. All that mattered was that he got the fair hearing before the ALJ, and that is where the constitutional protections ended, the district court held. So again, Your Honor, there is nothing inherently wrong about the same administrative agency making an initial determination, then holding a hearing, and then making a final determination on the merits. Indeed, Illinois law presumes that administrative agents, administrative decision makers, are going to discharge their duties faithfully and with integrity and honestly. As a result, plaintiff has to meet a high burden of showing some sort of bias or prejudice in this case, on the actual facts of this case. It is a fact-by-fact determination, absolutely. It is a fact-by-fact determination. But it is also true that there are many situations in Illinois administrative law where an administrative agency will make an initial finding, implement some sort of summary discipline, suspension of a license for instance, or the ability to operate at one of the horse racing facilities, and then undertake, conduct a hearing, and then make final determinations. That in itself is not a violation of due process, so long as the individual is afforded the opportunity to make his case, to present evidence, to cross-examine a witness, and so long as the decision maker does not appear to be partial or biased. It is sort of awkward when the Civil Service Commission is considering termination of one of its own people. Facially, absolutely it is an awkward situation. There is no doubt about that, but it is also a situation that the General Assembly specifically contemplated. The General Assembly and the Personnel Code provided that Civil Service Commission employees are covered by the Personnel Code. It also provided which employees of which agencies are exempted from the Civil Service Commission process, and it did not exempt Civil Service Commission employees. The General Assembly was entitled to rely on the presumption in Illinois law that the Civil Service Commission will be honest and act with integrity when viewing the actions and the evidence about its own employees. And in this case, there is nothing to suggest that that went askew. First, the actions plaintiffs charged with didn't concern his actions as a Civil Service Commission employee. They concerned actions that he undertook as an employee of the Department of Central Management Services. Additionally, after the Civil Service Commission, which had received a word about these actions from an investigation that it did not begin, after they met with plaintiff and recommended discharge, that discharge was then upheld by a separate outside agency, the Department of Central Management Services. The commission recommended discharge, Department of Central Management Services upheld that, and then plaintiff was given his voting before the Civil Service Commission. While there is a possibility that certain factual situations could arise where bias may seem possible, that's not an issue here, where there was no issue of a Civil Service Commission member's credibility being compared to plaintiffs as the basis for the decision. The Civil Service Commission wasn't required to make credibility information based on its member versus plaintiff's, for instance, as was the case in the Giro versus Heath case that plaintiff relies on. There are no facts along those lines to suggest that the Civil Service Commission did anything other than view the evidence impartially. In fact, the ALJ, who's never been challenged as biased, there's no suggestion that the ALJ was biased here. The ALJ made an independent assessment of the evidence, giving plaintiff full discovery rights throughout, full opportunity to present witnesses and cross-examine witnesses. The ALJ made an independent assessment of the evidence, and the commission adopted those recommendations in that decision. In toto, if we had a situation where the ALJ reached one conclusion and the Civil Service Commission said, no, we really don't think that's what happened, you might have an issue based on those facts. But that's simply not what's present here. There's nothing to suggest that any Civil Service Commission member did anything other than evaluate the evidence fairly. Finally, I'd like to touch on my last point, which is the Circuit Court's order, the remand order, which required the Civil Service Commission to undertake a new hearing, and then, if any commission members were still sitting, to adopt that hearing. That is beyond the Circuit Court's scope of its power on administrative review. I would add, and I see my time is up, if I may conclude this point very briefly. There are no members that are still sitting from the Civil Service Commission at the time. They've all changed over. But because there's been no credible allegations that the administrative record compiled by ALJ Trapp was biased or in any other way inadequate, if Res Eudicata or Federal Estoppel does not bar this action, if there was a due process violation, then the remand order should be for the commission to consider the administrative record that has already been compiled, instead of going through the process of compiling an entirely new administrative record. Thank you very much, Your Honor. Thank you. You'll have rebuttal. Good morning. Good morning, Counsel. May it please the Court, my name is James Baker, and I am appearing on behalf of Robert Powers. As the Court knows, this is a discharge appeal where Mr. Powers is seeking a review of the decision of the Illinois Civil Service Commission. The Court's heard many of these cases in the past. The twist here is that in this case, the Commission was wearing two hats. On the one hand, it was sitting in judgment, determining whether it was good cause to support a discharge of Mr. Powers. At the same time, it was reviewing its own decision, because wearing the hat as Mr. Powers' employer, it made the discharge decision. And the question this Court has to consider is whether Judge Londrigan got it wrong when he determined that there was a due process problem. Wasn't that the issue that you chose to raise in the federal court, whether there was a due process violation and loss? I would submit that we didn't lose on the merits of that justice statement. If I can explain what happened. Well, you raised it to the Court, didn't you, that this was a due process violation. Wasn't that the gist of your claim in federal court? It was part of the claim. And if I can explain, because I think this goes to the heart of the race judicial. Well, before you do, I just want to make sure. You raised it to the federal court, and your explanation is they never really addressed it? Let me be specific. Mr. Powers filed a claim under Section 1983, claiming that the individual members of the commission violated his rights of due process in two separate respects. First, that they did not conduct an adequate pre-termination hearing as required by the Laudermill case. And secondly, that their participation in the merits of the case denied him due process of law. That we did do. We also, at the same time in that case, filed an administrative review count asking that the district court review and reverse the decision of the Civil Service Commission under the administrative review law. At the time we did that, we had some concerns under the 11th Amendment whether the district court could do that. So we filed a state proceeding at the same time seeking an administrative review. Now, in this case there is a race judicata issue present. And the race judicata issue is tied to whether there is an identity of causes of action. And I submit that there is not an identity of causes of action, although there is a similar issue that is raised in each separate cause of action. The administrative review cause of action, which is before this court right now, is maintained under an Illinois statute that allows courts to review decisions of administrative agencies and, where appropriate, reverse those decisions. The claim that actually went somewhere in the federal proceeding was a claim against individual defendants, in their individual capacity, seeking money damages. The district court under the 11th Amendment could not have heard those types of claims against the commission. It also could not have heard those types of claims against the individual members of the commission in their official capacities. So simply put, there was no right in the federal proceeding after the administrative review claim got parceled away for Mr. Powers to have that decision reviewed, reversed, and remanded. Isn't the basis of the administrative review decision that your client was denied due process? That's one of the bases, yes. What's the other? Well, we're contending that the charge was defective in the sense that the administrative law judge concluded that Mr. Powers engaged in misconduct when he allowed a subordinate employee or encouraged a subordinate employee to place the director of CMS's signature on a personnel transaction document. What was the basis of the trial court's decision? Wasn't it that your client was denied due process? That's right. We raised multiple issues before, but that was the basis of the decision. Reversed and remanded back to the commission on the due process basis. That's correct. Didn't the federal district court explicitly cite and reject your federal due process claim? I submit that it did not, and that requires an explanation. But before I do... You mean the court misspoke when it said that your predetermination and rejected your pre-determination, post-determination hearings violated due process, right? Judge, it requires an explanation, if I can give that explanation. Go ahead. And it requires somewhat of a fundamental understanding of the issues that were presented in the federal proceeding. At the outset, the due process claim concerning the hearing was taken off the table. The district court said that the individual defendants could not be sued for money damages, irregardless of what they may have decided or how they may have decided it, because they had judicial immunity. So this was all dicta? By the time the case got to the summary judgment stage, there were two issues before the court. The first issue turned upon whether Mr. Powers' First Amendment rights were violated because this was a type of political discrimination. The second issue turned upon whether Mr. Powers had an adequate pre-termination hearing. And the court? Adequate in the constitutional sense. Correct. Pre-termination hearing is this court? The federal due process claim. Well. The trial court said you lose. With respect to the pre-termination claim, and perhaps the court is not familiar with the distinction between a pre-termination and a hearing of the type that is at issue in this case, a civil service employee prior to being terminated for cause under the 14th Amendment is entitled to an abbreviated hearing where he is at least entitled to be given some information concerning the reasons for his discharge. And that pre-termination hearing is supposed to occur before the employer has finalized his decision as to whether a discharge is in order. And that was the claim that was before the court in the summary judgment claim, the due process claim. There was no due process claim before the court at that point in time about the adequacy of Mr. Powers' rights during the administrative hearing. That claim that the court had earlier decided goes nowhere because of the judicial immunity doctrine. So why was the court considering pre-termination due process after it said judicial immunity? The only explanation I can offer, Your Honor, if you look at the court's decision, it was discussing the adequacy of the pre-termination process and in considering the adequacy of the pre-termination process, considered the post-termination process as well. But the post-termination process was not in issue at that point. Why is the court even thinking about all this? The 1983 action sought money damages from individuals. Once the court says judicial immunity, why does the court think about anything else after that? I can't answer that. But you appealed it to the Seventh Circuit, and they were similarly confused in response? The issues we appealed to the Seventh Circuit did not turn on the adequacy. But their response was apparently confused in that they thought this was concerning, again, federal due process. So we have four different federal judges, three at the appellate court and one at the trial court, who misconstrued what your case was about and addressed federal due process claims? Justice Stegman, I don't believe they were confused. I think they talked about the adequacy of the post-termination hearing only in context of whether Mr. Powers had an adequate pre-termination hearing. In other words, they concluded that, okay, maybe he didn't get everything he was entitled to in the pre-termination hearing, but he had a full-blown post-termination hearing. There was never any detailed litigation concerning the issue of whether the participation of decision-makers who had made the termination decision was biased. That was not briefed. It was not litigated either before the district court or the court of appeals. Well, it just seems to me, counsel, you raised and argued federal due process violations at the federal trial level and appealed it to the appellate court, and they all rejected it. And here you are with federal due process violations before this court. Can I address an issue, Judge? Please. Number one, there's no collateral estoppel issue before this court. It's not been made by the appellants. I submit that it's mandated. Number two, there has to be an identity of causes of action, and there's no identity of causes of action here. We could not maintain that the district court said, because of the 11th Amendment, it was not going to consider Mr. Powers' administrative review claim. It shipped that claim back to the state court. The limited claim that involved the adequacy of Mr. Powers' hearing before the Civil Service Commission was within the context of an individual claim seeking money damages against the members of the commission in their individual capacity. That's a different cause of action. So is this – let me see if I understand your argument. Is this that perhaps the attorney general has misconstrued their claim, it's not res judicata, it's collateral estoppel, therefore they lose? Is that your position? What I am saying is that the attorney general's office, in their brief, was explicit in stating my client's claim is barred by the doctrine of res judicata, not collateral estoppel. And therefore they lose. Because collateral estoppel might apply, but that's not what they – It may have applied, may not have, that's an issue. I respond to the arguments that are presented in their brief. If they had raised a collateral estoppel issue, we would have addressed that to the court. Well, humorous. What would you have said? I think that the issue has to be fully and fairly litigated. Federal due process claim? Correct. That wasn't fully and fairly litigated in federal court? It was not. I submit to you it clearly was not. I keep reading these decisions. They keep talking about federal due process claims. If you read them fully and carefully. So they could be just read out? They didn't mean it? No. Why did they talk about it at all? Let's go back to the district court decision. Okay. Let's be very elemental here. Judge Scott, in a ruling on the defendant's motion to dismiss Mr. Powers' claim, said that he could not maintain a claim against the individual defendants seeking money damages for their conduct during the course of his administrative hearing under the doctrine of quasi-judicial immunity. That claim went out. At that point in time, Mr. Powers had no claim against the commission or against any of its members in the federal proceeding concerning the fairness or the adequacy of the hearing on the merits of his civil service. So, therefore, we disregard everything else the court said? I think you have to, yes. How about if the court had reversed the order of discussion? I'm sorry, I don't follow. Talked about federal due process first. So then, by the way, we think that there's this other problem present. I don't think that would have any outcome, determinative effect on either of the parties. And similarly, the Seventh Circuit always was just obiter dicta? My understanding is, and maybe I got this all wrong, but in order for collateral estoppel to apply, which is issue preclusion, the issue has to exist in the case. And be decided. Well, the parties have to have litigated it. And at the time the district court granted summary judgment, there was no issue in the case concerning the constitutional adequacy of Mr. Powers' hearing before the commission. Wasn't it you who brought this matter to the federal court? You didn't have to. You weren't drafted, were you? You chose this other forum, and now it seems to me you just don't like the results. No, that's not correct, Judge. What happened? If the court had said, okay, judicial immunity does not apply. We're going to get to the merits of this. And in the summary judgment proceeding, there was an issue concerning whether Powers' due process rights were violated because the members participated in the hearing and also discharged him. If that issue had been raised and presented in the summary judgment proceeding and the court saw it otherwise, I would agree with you. Collateral estoppel would apply. But that never happened. We never got that far because at the threshold stages of this case, those claims went out. But you raised them. I raised them. They were all before the court, weren't they? When? At the trial level. Didn't you raise the federal due process claims at the trial level? I raised the federal due process claims against the defendants. Yes. At the trial level. The structure of the response of the federal district court was not to your liking. No. You're forgetting a key point. Let's go back and review the basics of the federal proceeding. There were two claims relevant here that were filed in the district court. One was an administrative review action, identical to the one that brings us here today. The second was a claim against the members of the commission in their individual capacities under Section 1983 asking for money damages, not asking that the commission decision be reversed. The commission was not party to that claim, and the individual defendants were not a suit in their individual capacities. That could not have been done under Section 1983. The district court kicked out the administrative review action, claiming that under the 11th Amendment it can't hear that case. It also said we're not going to go any further with the due process claim insofar as it applies to what happened during the civil service hearing because the defendants were acting in a quasi-judicial capacity and were immune from any claim for money damages. So at that point in time, before any discovery began, before any summary judgment proceeding, there was no issue before the district court that Mr. Powers was denied due process in connection with the underlying administrative hearing. That was not before the court. Wasn't your argument rejected by the Supreme Court in River Park? There, there was a 1983 action and a state court action. Federal court didn't reach the state court matter, ruled against the plaintiff on the 1983 action, and our Illinois Supreme Court said race judicata. I'm sorry, I'm not familiar with that case. River Park versus City of Highland Park? Okay. I guess my response, and maybe I'm repeating myself here, is that for purposes of a race judicata analysis, which is really the issue here, we're kind of comparing apples to oranges. We have two separate clauses of action with different parties. The administrative review action can only be maintained against the commission because under law it was the body that made the administrative decision. The 1983 claim sought money damages and was made against the individual defendants. So they're distinct and separate clauses of action. They involve different parties, and I submit that race judicata does not apply. And I'm not sure how much time... I'll just read you part of a sentence from River Park. We cannot say in this case that the district court would have lacked jurisdiction over plaintiff's state law claims. Federal courts are entitled to exercise supplemental jurisdiction over claims that are part of the same case or controversy. We asked the court to exercise its supplemental jurisdiction by considering the administrative review claim. We did everything we could to bring all claims in the federal forum. We realized that there was an 11th Amendment issue, so to preserve our clients we at the same time filed a state court action. I see my time is up. If there are no more questions from the court, I thank you for your time. Thank you, counsel. Any rebuttal? A few quick points, Your Honors. First, in relation to River Park, which is cited at page 14 of the defendant's opening brief, the separate claims are considered part of the same cause of action for res judicata purposes where they arise out of the same transaction. They don't need to be packaged exactly the same. They don't need to have the same title of that cause of action for res judicata to still apply. And that's, again, you cite River Park at page 14 and citing it at 184. We'll second that 310 to 311. Counsel, could you respond to the opposing counsel's argument that due process considerations were never asked to post-termination process and were never before the court? That's simply incorrect. That was one of their claims. One of the claims in their first complaint that was subject to a motion to dismiss was that the defendant violated plaintiff's due process rights and at the post-termination proceedings because they were biased when they rendered the final decision. That claim was dismissed by the court on judicial immunity grounds. But that doesn't mean that the court never looked at it. It just means that it was dismissed at an early stage. For there to be a final adjudication on the merits, you don't need to go through discovery. You don't need to go to summary judgment. It was dismissed on what grounds? Judicial immunity grounds. But not due process considerations? Or does that matter? It does not matter. It was a due process claim. Okay. I'm having a hard time following. Why does that not matter? Because the resolution of a claim is a final adjudication on the merits for purposes of res judicata or estoppel. Under Illinois Supreme Court Rule 273, so long as that claim is resolved on some basis, essentially other than subject matter jurisdiction. So, for instance, it can be a statutory immunity defense that kicks out the claim that will still have that preclusive effect. And we cite in our briefs a decision under the emergency nurses medical act that involved an application of statutory immunity to bar a claim. So it never was resolved on the merits per se, like actually whether or not there was a violation here because there's immunity. But that still counts as an adjudication on the merits for preclusion purposes. And that's relying on, in that case, relying on Illinois Supreme Court Rule 273, which specifies the circumstances in which the resolution of a claim will or will not have an estoppel or preclusive effect. Let me ask you about River Park. The Illinois Supreme Court said, contrary to plaintiff's assertions, a federal district court is not required to dismiss pendant state claims after dismissing the claim from which its original jurisdiction stems in 1983. And then they say, in this case, we cannot agree with plaintiffs that had they attempted to bring their state claims in federal court, the district court would have dismissed them for lack of subject matter jurisdiction after it dismissed their Section 1983 claim. However, in this case, the federal court did dismiss the state claim. Never for lack of subject matter jurisdiction. There is not one subject matter jurisdiction determination by the federal court in this case. Not even the 11th Amendment dismissal. That is not a subject matter jurisdiction. Why did the district court dismiss the state claim? Well, which one? Certainly, it was dismissed on the 11th Amendment grounds, which is not a subject matter jurisdiction defense. The federal courts have now made it clear. Contrary to a lot of law, but it's not a subject matter jurisdiction defense. The court also dismissed, that's principally why. The 11th Amendment prevented the state non-consenting from being sued. But still, even though you can't bring a suit against the individuals, the money damages, you can still appeal your dismissal. You can, yes. And that's never been done. No court has ever reached that, has it? Reached what? The issue, the appeal of the dismissal. On the judicial immunity appeal? Which dismissal? I'm sorry, there are several here. Here's the guy that gets fired, and he files an administrative review petition complaining about the fact he was fired. Yes. No court's ever addressed that. The merits as to whether he actually did the stuff they said he did? Yeah, yeah. That's correct. And that's why we're asking this court to remand it to the circuit court to make that determination. There is due process here. We're not saying that Powers does not have the right to have a court engage in that manifest wit of the evidence, clear error review. We're saying that he does have that right. And we're asking you to remand it to the circuit court to allow it to engage in that. Okay. Thank you very much. Thanks to both of you. The case is submitted. The court stands in recess until after 1.